UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LARRY R. VALOROZO, ) | CASE NO. 3:08 CV0909 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| CHIEF COUNSEL, IMMIGRATION AND ) | |
| CUSTOMS ENFORCEMENT, ) | |
| ) | |
| Respondent. ) | |

On April 9, 2008, pro se petitioner Larry R. Valorozo filed the above-captioned petition against respondent Chief Counsel for the Immigration and Customs Enforcement. Imprisoned at Seneca County Jail in Tiffin, Ohio since February 21, 2008, Mr. Valorozo seeks habeas relief against respondent for issuing an Immigration Detainer and Administrative Removal Order. He asserts this court's jurisdiction pursuant to 28 U.S.C. § 1331.[1]  Without any detailed explanation, he contends respondent is violating his constitutional rights. He seeks a declaration that the "acts and omissions" of the respondent have violated his constitutional rights, an order cancelling the Administrative Removal Order and an immediate release from prison.

---

[1] The face page of the petition is captioned: "Habeas Corpus Pursuant to 28 U.S.C. § 2254."

*Background*

Petitioner neither identifies his country of citizenship nor how long he has been in the United States. He does claim he is the "beneficiary of his U.S. Citizen spouse['s] pending petition as a relative," which was filed on February 2, 2004. (Pet. at 3.) He notes further that the "United States Citizenship & Immigration Services (USCIS) issued an Employment Authorization Document (EAD) on November 26, 2004." (Pet. at 5.)

Between August and October 2005, he complains that he unsuccessfully requested an "adjustment of status." The denial of his request resulted from that fact that the I.N.S. "Notice" was sent to his address in Staten Island, New York. But for the fact that the post office failed to forward this Notice to the "address which is listed in the Post Office records,"[2] Mr. Valorozo believes he would have achieved resident status.

On February 8, 2008, petitioner completed a 30 month federal prison sentence.[3] On the date of his release, Immigration and Customs Enforcement ("ICE") served notice to remove him from the United States pursuant to Immigration and Naturalization Act section 237(a)(2)(A)(iii). The notice describes him as an "aggravated felon," a description he vehemently denies. He remains in the custody of ICE at Seneca County Jail.

Mr. Valorozo filed his present petition challenging ICE's description of him as a deportable alien who committed an aggravated felony. He argues that he is not an alien and that he never pleaded guilty to an aggravated felony. The legitimacy of his conviction is also called into question because he claims the prosecution "failed to establish the necessary element of his intent

---

[2]Based on his stated term of imprisonment, petitioner may have been incarcerated at that time.

[3]Mr. Valorozo does not disclose the nature of his offense.

to defraud." (Pet. at 2.)

*Jurisdiction*

Under the REAL ID Act of 2005, district courts were divested of subject matter jurisdiction to review alien removal orders. *See* 8 U.S.C. § 1252(a)(5) (statute deprives district court of jurisdiction over habeas petitions challenging final administrative orders of removal; jurisdiction is with the appropriate court of appeals). While petitioner is challenging his deportabilty, it does not appear that he is challenging a final order of removal. To the extent that he believes he is being unlawfully detained, then he has raised an issue objecting to his continued detention pending removal proceedings. The Sixth Circuit has held that district courts retain habeas jurisdiction over challenges to detention, rather than removal. *Kellici v. Gonzalez*, 472 F.3d 416, 419-20 (6th Cir.2006). *Accord Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir.2005). Therefore, the REAL ID Act does not divest this court of subject matter jurisdiction to consider this as a habeas petition.

*Unlawful Detention*

Notwithstanding the fact that the REAL ID Act does not divest this court of jurisdiction, it appears petitioner's claim is premature. Mr. Valorozo's apparent argument that the respondent has no authority to deport him because he did not commit an aggravated felony is not ripe for judicial review, as a final removal order has not been issued. *See* 8 U.S.C. § 1252(b)(9) (judicial review of questions of law and fact arising from action taken or proceeding brought to remove alien shall be available only in judicial review of final order under this section). Even challenges to INS authority to indefinitely detain a non-citizen do not become ripe until the execution of a removal order. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

There is no allegation that an Immigration Judge (IJ) has issued a determination that

Mr. Valorozo is an aggravated felon. Even if that were true, petitioner has not appealed any IJ decision to the Board of Immigration Appeals. Moreover, there is no valid argument that he is not required to exhaust his administrative remedies because an appeal to the BIA would be futile. *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). The purposes of protecting administrative agency authority and promoting judicial efficiency would better be served by requiring petitioner to present his arguments to the IJ in the first instance.

Accordingly, it is HEREBY ORDERED that petitioner's April 9, 2008 petition for writ of habeas corpus is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. §2253(c).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/30/08